CaRüthers, J.,
delivered the opinion of the Court.
*319 This hill is filed by Howard to remove a cloud from his title to five hundred and forty-five acres of land in Henry county. The cloud complained of arises upon this state of facts: On the -21st Jan., 1850, the complainant sold the land to Thomas A. Howard for $3000, in five equal annual payments, the first in May, 1851, and the last in 1855. The joint notes of the purchaser and John H. Moore were executed and delivered to the vendor. A bond for title was executed of the above date, hut the notes are all dated 22d Nov., 1849, the time, perhaps, when the trade was made. The bond hinds the vendor to make a deed to the vendee, his heirs or assigns, on the payment of the- consideration. It contains also this unusual provision: “It is the understanding that the above-named tract of land is hound unto the above-named John H. Moore for his protection and security, on account of his liability on the above-named notes, until they are fully paid off, he being the security on them of the said Thomas A. Howard.” This bond was never registered. On the 28th Dec., 1852, no part of the consideration having been paid, the vendor and vendee agreed upon a rescission of the contract, and the bond for title and notes were cancelled and delivered up to the respective parties. But before that time, and on the 30th Dec., 1850, Thomas A. assigned and transferred to said John H. Moore one-half of the tract of land for the consideration of paying one-half of the purchase - money, with a further provision that if either party failed to pay Ms part of tbe purchase-money, the other party paying it should receive title for the whole. This instrument was duly acknowledged and filed for registration on the 21st Jan., 1851.
The original bill was filed 15th Nov., 1854; and 7th *320 Dec., 1854, Moore filed His cross-bill for a specific performance against Howard. A tender of the consideration is alleged, in May, 1854, and a readiness to pay it is charged.
Upon this state of facts, the Chancellor decreed the relief prayed for in the original bill, ordering an account against defendants for rents and the surrender of possession, and dismissed the cross-bill. Can this decree be sustained? We think not.
The decree is based upon the rescission of the contract by the original contracting parties on 28th Dec., 1852. But at that time, and two years before, Thomas A. Howard parted with his equitable title, by a regular written assignment and transfer to Moore of one-half of the land absolutely, and of the whole upon condition that Moore, who was bound for the entire consideration, should have it all to pay. It is difficult to see upon what principle Thomas A. could after that time surrender the title so as to affect the interest of Moore. Whatever rights Thomas A. had against the vendor under his title bond, were assigned to Moore, who alone could negotiate, after that, in relation to the contract. He could not be bound by any thing the other parties might do, and, independent of their agreements and acts, could insist upon his legal or equitable rights. By the transfer and assignment to him, he became entitled to the land, encumbered simply with the lien for the purchase - money; and upon the payment of which, was as fully entitled to the deed of the vendor as if he had held his bond to himself for the title. It is no ground for rescission that the purchaser or his personal security are unable to pay: the land stands as additional security to the vendor, and he can at any time *321 make it liable for its price. Tbe vendor’s remedy is by bill for tbe enforcement of bis lien by tbe sale of tbe land. He stands as a mortgagee, bolding tbe legal title until tbe consideration is paid. This is all very plain, and tbe case would present no difficulty but for tbe transfer and supposed cancellation. That, however, as we have seen, can make no difference, as tbe rights of Moore, tbe assignee, could not be affected by tbe acts of bis assignor without bis assent, after be bad parted with bis right by tbe transfer.
This is, in effect, an ejectment bill to get possession, and not a case in which a Court of Equity will interpose under its jurisdiction to remove clouds from titles. Tbe complainant has tbe legal title, and there is nothing in bis way at law, nor even in equity, if there was a valid rescission of tbe sale. It would lie with tbe defendants in possession to test that question by tbe assertion of their equities by injunction bill, if sued in ejectment at law.
We think it very clear, then, that tbe original bill cannot be maintained, and must be dismissed.
2. Tbe next question is as to tbe right of Moore to a decree for specific performance under tbe cross-bill. We can see nothing in tbe way of tbe relief sought. It is said there is no privity between Moore and M. Howard, and that mutuality of obligation and privity between tbe parties are necessary in such applications, and do not exist in this case. Story, in bis Eq. Ju., vol. 2, sec. 783, lays down tbe law thus: “If A. should enter into a contract with B., which contract B. should afterwards assign to a third person, ... a bill in equity would lie by either of them against tbe other, either to enforce a specific execution of tbe contract, or to set it aside, in tbe same man *322 ner and under the same circumstances as such a hill would lie between the immediate parties to it. We all know that privity of contract between the parties is in general indispensable to a suit at law; but Courts of Equity act in favor of all persons claiming by assignment under the parties, independent of any such privity.” In the next section it is laid down that a purchaser of land from the vendor, with notice of a prior sale, will be compelled to perform the contract of his vendor in favor of the first vendee of the same land. It has surely never been doubted in this State that the assignee of a bond for title had as perfect a right to a specific execution of the contract as his assignor.
■ It is further contended that, as the consideration was not promptly paid when due, and is not yet paid, a specific performance will not be decreed. It was not all due when the supposed rescission occurred; and even when these bills were filed, the last payment was not due; and the position of the vendor was such as to preclude the idea that payment would be accepted by him. It is not, then, a case of such laches as would repel the complainant. None of the consideration has been paid, but it has been tendered or proposed to be paid by Moore, if that were .necessary under the circumstances, and a deed demanded. The single fact that the consideration was not paid when due, or even when the bill is filed, nor even tendered, is not a sufficient defence to a bill for execution of the contract, if nothing else be in the way, and such facts as we have here exist in a case.
There is nothing in the conduct of Moore in this case, to be found in the record, that would preclude him from the active interference of the Court in granting him the *323 relief for which he prays. There is no fraud in the case on either side, as far as we can see, unless it is to he found in the conduct of Thomas A., in rescinding the contract and getting up his notes without notifying the vendor that he had transferred' all his rights under the purchase to Moore. But as Moore had no agency or participation in this act, it can certainly present no obstacle to any remedy or relief to which he is entitled.
A decree for the specific execution of a contract, although . it is said to rest entirely in the discretion of the Court, is as much a matter of right as any other redress, when a proper case under the rules of equity is presented. This discretion is not arbitrary, but regulated and controlled by settled rules.
As to the extent of Moore’s claim, wé are of opinion that, under the contract of transfer and assignment between him and Thomas A. Howard, as the latter has entirely failed to pay any part of the consideration, and the former has proposed and is now willing to pay the whole, he is entitled to the entire tract, subject to a lien for the whole amount of the consideration and interest.
The decree will be, that if Moore should pay into the office of the Chancery Court at Paris the sum of $3000, with interest from the time each payment was due, within three months from this day, the said M. Howard shall make to him a general warranty deed for the land, in compliance with his bond; and in case of failure to pay the money, the land shall be sold by the clerk and master of that Court, on the usual notice, to the highest bidder, and the amount of the consideration, with interest as aforesaid, paid over to M. Howard, when a title is *324 made to tlie purchaser, and the balance to Moore; the cost to he equally divided between M. Howard and Moore.
The case will be remanded for the execution of this decree.